Opinion issued February 2, 2006
 










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00072-CR




ABDUL RAHMAN ALHEJJEI, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 984004

 

MEMORANDUM OPINION

          A jury found appellant, Abdul Rahman Alhejjei, guilty of possession of
methamphetamine weighing less than one gram. See Tex. Health & Safety Code
Ann. § 481.112(b) (Vernon 2003). The trial court assessed appellant’s punishment at
24 days in jail. We address whether the evidence was legally and factually sufficient
to prove that appellant possessed methamphetamine. We modify the judgment of the
trial court and affirm the judgment as so modified.
Factual Background
          On April 11, 2004, at about 4:30 a.m., appellant checked into the Best Western-Nasa alone. Sarah Price, who was working at the front desk, observed that appellant
was intoxicated. When appellant’s credit card was declined, he returned to the front
desk between 5:30 a.m. and 6:00 a.m. to pay for the room in cash. 
          Mrs. Slack, the woman who occupied the room across the hall, heard a woman
yelling, “Call the police.” Through the peephole in her door, Slack observed a fight
between appellant and the woman. Appellant and the woman were arguing about
money. Slack saw the woman leave the hallway and go out an exit door, which led to
the parking lot of the building. Within a few moments, a man began arguing with
appellant about black and blue marks on the woman. The man then punched appellant
in the face a couple of times and left the hallway. 
          Shortly before 7:00 a.m., Price called the police because a hotel guest had
reported that appellant, who was naked, and a woman were screaming and fighting in
the hallway. A man also reported to Price that appellant was beating up his girlfriend. 
Shortly after 7:00 a.m., appellant returned to the front desk and requested a key to his
room. Appellant was naked, except for a small towel over his genitals, and he was
confused and bleeding from his hand. Appellant had returned to his room when the
police officers arrived 15 minutes later. 
          Webster Police Department Officers George Schilter and Ronald Belnoski
responded to the disturbance at the hotel. Officers Schilter and Belnoski saw blood
smeared on the outside of the door of appellant’s room. Officer Belnoski knocked on
the door and announced that they were the police. Appellant did not open the door. 
The officers heard him throwing something around and water running. After the police
had knocked on the door a second time, appellant opened the door for the officers. The
door of the bathroom was closed when the officer’s entered the room; Officer Belnoski
conducted a search of it for their safety. The toilet had overflowed, and there was
water and marijuana on the bathroom floor. Appellant was very nervous and saying
things that did not make sense during the questioning. The officers had to ask
appellant to remain seated three or four times during their investigation. Officer
Bellnoski found a glass vial, which was visible to the police officers when they entered
the room at the foot of the bed; a wadded up dollar bill in the trash can; three marijuana
cigarettes behind a chair; a woman’s hair clip and a zipper bag, which contained a
credit card that was not in appellant’s name and which was concealed by the
refrigerator; a set of keys; condoms; and a package of rolling papers. The vial tested
positive for methamphetamine,


 and the dollar bill tested positive for cocaine. 
          Appellant presented the following evidence. He contended that he had been
drinking and smoking marijuana the morning of April 11, 2004. Appellant called
several escort services. From 5:22 a.m. to 6:42 a.m., appellant placed 14 telephone
calls. Appellant testified that a female escort showed up to his room at about 6:15 a.m.
and charged him $150 to dance for him. The woman danced, drank a beer, and smoked
marijuana with appellant. Appellant contended that the woman offered him sex for an
additional $150, but insisted that he take a shower first. He paid her, then went to take
a shower and left his wallet, which contained a couple hundred dollars, in the bedroom. 
While he was taking a shower, appellant heard the door open. When appellant looked
in the bedroom, the woman was standing near the door, fully clothed, and appellant’s
wallet was on the floor. Appellant grabbed the woman’s arm and shouted at her to give
him his money. The woman’s purse was open, and appellant attempted to put his hand
in her purse to grab the money. The woman bit appellant’s finger and kicked him in
the groin area. Appellant contends that the woman went back inside the room, locked
him out, and telephoned a man, who came into the hotel and began punching appellant. 
The woman refused to leave the room until appellant was gone. Appellant went outside
to another building until the man and woman drove away. When appellant returned to
his room, the door was locked. Appellant testified that, when he returned to his room,
there was water and marijuana all over the bathroom floor.        Sufficiency of the Evidence
          In his sole point of error, appellant argues that the evidence is legally and
factually insufficient to prove that he possessed methamphetamine. 
A.      The Law
          Intentionally or knowingly possessing a controlled substance is an offense under
the Texas Controlled Substances Act. See Tex. Health & Safety Code Ann. §
481.115(a) (Vernon 2003). To prove the offense of possession of a controlled
substance, the State must show that the accused (1) exercised actual care, custody,
control, or management of the controlled substance and (2) was conscious of his
connection with the controlled substance and knew what it was. See id. §§
481.002(38), 481.112(a) (Vernon 2003 & Supp. 2005); Salazar v. State, 95 S.W.3d
501, 504 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). These elements may be
established by either direct or circumstantial evidence. Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995).  
          When the accused is not in exclusive possession of the place where the
contraband is found, we cannot conclude that the accused had knowledge of and
control over the contraband unless the State established an affirmative link between the
accused and the contraband—i.e., independent facts and circumstances that
affirmatively link the accused to the contraband so as to suggest that the accused had
knowledge of the contraband and exercised control over it. Rhyne v. State, 620 S.W.2d
599, 601 (Tex. Crim. App. 1981); Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). In other words, the State must establish
that the accused’s connection with the substance was more than just fortuitous. Brown,
911 S.W.2d at 747.
          The Court of Criminal Appeals has identified several factors that may help to
establish an affirmative link between the accused and the contraband, including
whether (1) the contraband was in plain view; (2) the contraband was conveniently
accessible to the accused; (3) the accused was the owner of the place where the
contraband was found; (4) the accused was the driver of the automobile in which the
contraband was found; (5) the contraband was found on the side of a car in which the
accused was sitting; (6) the place where the contraband was found was enclosed; (7)
the odor of the contraband was present; (8) paraphernalia for use of the contraband was
in view of or found on the accused; (9) conduct by the accused indicated a
consciousness of guilt; (10) the accused had a special connection to the contraband;
(11) occupants of the place where the contraband was found gave conflicting
statements about relevant matters; (12) the physical condition of the accused indicated
recent consumption of the contraband; and (13) affirmative statements by the accused
connected the accused to the contraband.


 Courts have also considered (1) traces of the
contraband found on the accused, (2) a large sum of money found on the accused, and
(3) the amount of contraband found. Poindexter v. State, 153 S.W.3d 402, 412 (Tex.
Crim. App. 2005); Roberson, 80 S.W.3d at 741 n.8; Gilbert v. State, 874 S.W.2d 290,
298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Although several factors
relevant to establishing an affirmative link may have been identified, the number of
factors actually supported by the evidence is not as important as the logical force that
they collectively create to prove that a crime has been committed. Roberson, 80
S.W.3d at 735 (quoting Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.—Austin
1991, pet. ref’d)).
 
 
B.      Legal Sufficiency
           Appellant argues that the evidence was legally insufficient to prove that he
possessed the methamphetamine. 
           In conducting a legal-sufficiency review, we view all of the evidence in the light
most favorable to the verdict and then determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting our review of the
legal sufficiency of the evidence, we do not re-evaluate the weight and credibility of
the evidence, but ensure only that the jury reached a rational decision. Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). Under a legal- or factual-sufficiency
review, the jury is the exclusive judge of the facts, the credibility of the witnesses, and
the weight to be given to their testimony. McKinny v. State, 76 S.W.3d 463, 468-69
(Tex. App—Houston [1st Dist.] 2002, no pet.). The jury may believe or disbelieve any
part of a witness’s testimony. See id.
           Appellant argues that the evidence is legally insufficient to support his
conviction because of the extent to which the typical affirmative links are missing in
this case. We need not consider affirmative-link factors that are absent from the
evidence. See Hurtado v. State, 881 S.W.2d 738, 745 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d). The only test that we must apply is whether, after viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See id.
           Viewed in the light most favorable to the verdict, the evidence shows that
appellant was the sole occupant of the motel room where the methamphetamine was
found at the time that the police arrived. He had checked into the motel room alone. 
Cocaine, marijuana, and drug paraphernalia were found in plain view scattered
throughout the motel room. Appellant was present when the police officers found the
vial containing methamphetamine. Appellant exhibited signs of being under the
influence of drugs or alcohol. The vial containing methamphetamine was lying at the
foot of the bed in plain view, near where appellant’s pants had been, and in close
proximity to appellant. 
          From this evidence, a rational jury could have concluded that appellant was
sufficiently linked to the methamphetamine to be found knowingly to have possessed
it. See Roberson, 80 S.W.3d at 735. Accordingly, we hold that the evidence was
legally sufficient to show that appellant exercised actual care, custody, control, or
management of the methamphetamine. See Robinson v. State, 174 S.W.3d 320, 329-30
(Tex. App.—Houston [1st Dist.] 2005, no pet.). 
 
 
C.      Factual Sufficiency
           Appellant argues that the evidence was factually insufficient to prove that he
knowingly exercised care, custody, control, or management of the methamphetamine. 
           When determining the factual sufficiency of the evidence, we review all of the
evidence neutrally. Escamilla, 143 S.W.3d at 817. When the State bears the burden
of proof, the proof of guilt is factually insufficient if it is so obviously weak as to
indicate that a manifest injustice has occurred or if it is greatly outweighed by contrary
proof. Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004); Escamilla, 143
S.W.3d at 817. The factual-sufficiency standard “acknowledges that evidence of guilt
can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements
of crime beyond a reasonable doubt.” Zuniga, 144 S.W.3d at 485. In our review, we
must consider the most important evidence that the appellant claims undermines the
jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
           In support of his factual-sufficiency challenge, appellant relies on the same
evidence and arguments that he raised in his legal-sufficiency challenge, pointing to
both evidence weighing against the jury’s verdict, as well as evidence and reasons that
he claims makes the State’s evidence so obviously weak as to undermine confidence
in the verdict. 
           
 
          Appellant contends that the female escort or her boyfriend were responsible for
the methamphetamine. Appellant testified that the woman was alone in his room and
left the methamphetamine and cocaine. Appellant alternatively contends that the vial
fell out when he grabbed the woman’s purse. However, Slack told Officer Schilter that
the woman did not retreat into appellant’s room and lock the door, as appellant
testified, but, rather, left, after which a man appeared and punched appellant. The
affirmative link between appellant and the methamphetamine need not be so strong that
it excludes every other outstanding reasonable hypothesis except appellant’s guilt. See
Brown, 911 S.W.2d at 748. Given the evidence, the jury simply may not have believed
appellant’s alternative theory that the woman or her boyfriend was responsible for the
methamphetamine. See McKinny, 76 S.W.3d at 468-69. Under a factual-sufficiency
review, the jury is the exclusive judge of the facts, the credibility of the witnesses, and
the weight to be given to their testimony. Id. Considering all of the evidence, the
jury’s implicit finding that appellant knowingly exercised care, custody, control, or
management of the methamphetamine is not so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. See id. 
          Although appellant points out that specific affirmative links were not present,
we note that it is not the number of affirmative links that matter, but the logical force
that they collectively create. See Roberson, 80 S.W.3d at 735 (quoting Whitworth, 808
S.W.2d at 569). Specifically, appellant argues that the lack of fingerprint evidence
diminished his connection to the methamphetamine. The vial seized from appellant’s
room was not submitted for fingerprint examination. Officer Belnoski explained that
it is uncommon to recover fingerprints, in cases such as this one, because the
fingerprints smudge easily on this type of drug paraphernalia, which was only three
inches long and one quarter inch in diameter. 
          The evidence linking appellant to the methamphetamine is circumstantial. It is
the sole province of the jurors to draw reasonable inferences based on the evidence
before them. McKinny, 76 S.W.3d at 468-69. In circumstantial-evidence cases, it is
not necessary that every fact and circumstance point directly and independently to the
guilt of the accused. Russell v. State, 665 S.W.2d 771, 776 (Tex. Crim. App. 1983). 
It is enough if the conclusion is warranted by the combined and cumulative force of all
the incriminating circumstances. Id. Every case must be reviewed on its own facts and
circumstances to determine the sufficiency of the evidence. Id. at 775. 
          After viewing all of the evidence neutrally, we hold that the evidence supporting
the verdict is not too weak to support the finding of guilt beyond a reasonable doubt
and that the contrary evidence is not so strong that the beyond-a-reasonable-doubt
standard could not have been met. See Escamilla, 143 S.W.3d at 817. 
          We overrule appellant’s sole point of error.
Modification of Judgment 
          Appellant points out in his brief that the judgment reflects that he was convicted
of possession of less than one gram of cocaine. There are two indictments in the
record. One indictment, which was dated April 11, 2004, charged appellant with
possession of less than one gram of cocaine; the second indictment, which was dated
July 7, 2004, charged appellant with possession of less than one gram of
methamphetamine. At trial, although appellant entered a plea of not guilty to the
charge of possession of methamphetamine and evidence was introduced that appellant
possessed both cocaine and methamphetamine, the charge and verdict reflect that the
jury convicted appellant of possession of less than one gram of methamphetamine. The
error in the judgment is a clerical error that did not harm appellant. We may modify
judgments to correct these clerical errors if we have the necessary information before
us to do so. See Tex. R. App. P. 43.2(b); Nolan v. State, 39 S.W.3d 697, 698 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). We have that necessary information here,
and we thus correct the judgment by modifying it to reflect possession of
methamphetamine. 
                                          Conclusion
          We hold that the judgment of the trial court incorrectly recited that appellant was
convicted of “possession of cocaine, less than one gram.” Accordingly, we modify the
judgment of the trial court to reflect that appellant was convicted of “possession of
methamphetamine, less than one gram,” and we affirm the judgment as so modified. 
See Tex. R. App. P. 43.2(b); Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston
[1st Dist.] 2001, no pet.).                                                                                             
 
                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).